The last case on call today, and the last case of the September term, is agenda number 12. Number 131446, Z's IT Consulting Services, Inc. v. Hunt Law Group. This morning we will have a one-sided argument, and Mr. Essek, as I think you know, that that time allotted to you will be 15 minutes. Good morning, Your Honor. My name is Michael Ratzak. I'm here on behalf of the appellant for Hunt Law Group. The matter before the Court this morning is one that I at least find fairly arcane and complex, a question of conversion being applied to what many people call an intangible asset. And the difficulty I had in trying to expand upon the brief that we filed, in part I've learned the lessons of the words behind me, here on the other side, missing another side is difficult, makes it more difficult to predict where the Court might go, where the issues might go. So what I'd like to do is to sort of begin with the end. Justice McMurrow years ago said it's not enough to tell the Court that you want to win, you need to tell the Court what you think the opinion should do. And in this case I think there are three levels of issues. Going back, just to clarify, the basic question was we had a password to our computer systems, our IT person kept the password, we could get into our computer systems, we had to pay, we were damaged, we sought conversion. The basic relief that we are asking for, and one of the reasons that my client was good enough to continue to pursue this case to this Court, is to expand the tort of conversion to cover intangible property. And the reason to do that is because it would remove the various issues that we've had, that the country has had with cases trying to protect what I would call modern day property and secure relief from people whose property has been damaged when the property isn't in the form that was envisioned when the tort of conversion was originally created. Historically, of course, the Court talked about chattels. It was directed at chattels because it goes back to, I think basically it all started with animals being, somebody found my animal, wouldn't give it back to me, it was at chattels. Courts have no reason to do anything other than look at chattels. But the point that I think gives this Court a reason to move on is that over the years the Courts have always said you need to move the tort of conversion forward to accommodate what's going on in reality. This Court started back there in Sturgis in 1870 and said, things change in the marketplace is what that Court said. And in terms of the restatement itself, and this Court has almost always relied upon the restatement, the Courts in the country relied upon the restatement. The restatement itself said that when it discussed conversion, said the process of evolving conversion law has not terminated, I think is the word. It's been evolved. And I thought the most significant comment in that regard came from Prosser. And his quote is mentioned in the Thebes, this Court's Thebes case, that even in 1965 when he was the reporter for this section of the restatement said, there's just no reason to limit conversion to chattels. And I would suggest to this Court that in reviewing all of the cases and all of the articles that I could discover, I can't find a reason for that limitation. It was one of the two. Can I ask you a question? Yes. So if we were to agree with you that it's time to expand the tort of conversion to include intangible properties, how far would that go? Would there be any limitations on it? And what would those be? And Justice McMorrow's words come back to me immediately. Yes. It obviously, I've tried to frame it. And the more that one reads the cases, the words have different meanings to different people in different courts. The bottom line is that the intangible still has to be property, and it has to be property in the sense that it's something that can be possessed. And I'm talking about possession in the sense of a legal term. And the analogy I was intending to give to the Court, I can possess certain attributes, good attributes, bad attributes, but those are not property. Those can't be moved. I can't use them. I can't sell them. It's a characteristic. In the law, we're looking at something that can be possessed legally. So the intangible thing, the intangible item, I think has to be something that can be said to be possessed. Some people would use the word realized, which is made to seem real, even though many of these items are not real. And the end result of the broader termination of something like that, of defining the scope of conversion, would be to reach matters like digital coins, bitcoins, and things like that. Those are, under most terms, considered intangible, but yet they're possessed. They're surely possessed. They have value. I can transfer them. They would fall within that limitation. Historically, ideas, an idea in my head that I mentioned, that's not something I can possess. I can't transfer that. That was my next question. Thoughts and ideas are those. You can't possess a thought or an idea in what I call the legal sense. I can't transfer that. I can sell an idea, but only after I put it into some form that lets the next person use it. We're all thinking about this creative ideas that you're giving us, but is a piece of it, if something can be determined to have a fair market value? In other words, and I'm going to direct you to this area in a minute, but when we think about a tort, we're talking about damages. And so it seems to me there's something about if we can't put a dollar amount on something, then it doesn't fit into a tort. If, in fact, we can say the fair market value of something is X amount of money, then we can start talking about tort damages. Does that make sense to you? It does. And, again, this is why I wish I had an opponent, because I think I would have been sharpened by having that argument made to me by someone else. I don't have any quarrel with that. I'm thinking on my feet, honestly. In this case, we have damages because we had to pay something. In the Bitcoin case, we have damages. That's really where I really want to ask you this. I have two questions. Number one, you are seeking the conversion here is a conversion of the passwords, correct? That's correct. Not the data held in the accounts. That's right. They did not hack into our system and take our data. That would be a different kind of conversion. Okay. So this is just the passwords. Right. My second question to you is that apparently this complaint seeks the damages of $6,300 that had to be expended to fix the problem. It retained another IT company to remedy the system. Isn't that economic damages rather than tort damages? I'm sorry, but doesn't the Mormon doctrine bar this? What kind of damages are here? I think I almost have to step back a little bit. One of the problems I have is it's under a 2615 dismissal, so all I have before me, all I can give the court is the complaint. I don't know that our damages would be limited to $6,300. But that is what it's asked for in the complaint, correct? That's what it's asked for. Your brief is that is what the damages are. They had to retain another IT company to remedy the system, and that was $6,300 paid to someone to fix, to get into the passwords. Exactly. Is that a tort damage? It's a damage caused to our business. It's not an economic damage in the sense that somebody's damaged my property. It's an interference with my use of the property, and an interference with the use of the property is normally considered a tort. It's a new tort in many states, but interference with the use of my property would be a tort. If you characterize it solely as a Mormon case, then it would be economic damages. To me, the damages are part of the analysis of what do we mean by conversion and what do we mean by tangible versus intangible. That's why I was thinking that you could say that intangible is at some point there's got to be some kind of value placed on it if there are tort damages. That's correct. I have no quarrel with that. In almost all of these cases, there is a value to whatever is taken by somebody. Somebody takes my computer printout, my business was damaged. I'm not aware of any case in the country that has moved down what I would call the Mormon path. The boys recognized it more, treated it more in terms of an interference with my control of my property, which is separate from damaging my property. Nobody burned my house down. Nobody did something physical to me, which I believe is what Mormon is usually looking to. Here, somebody's- The company didn't lose any money because they didn't have the password, except they had to pay someone to fix it. Correct? That's what's alleged in the complaint. I would ask the court to consider there's more to it than that. That's the monetary damage that a check was written for, but there's more to the damages in a case like this than the money. There's whatever went into trying to fix the system. There's whatever business delays. We've alleged in the complaint that our business was interrupted. We couldn't run our business. That in itself leads to a separate stage of the damages, and I think that's normally going to be the case in most inversion cases. It's seldom going to be damage just to my property. That's the best I can answer to Your Honor on that. Is there any other kind of- I was going to ask a similar question before Justice Tice asked hers, but following up on that, is there any other type of tort action or any other action that this claim could fall under? I've considered it, and not just I've considered it. I look to the other cases that look at conversion cases, and my question is, well, couldn't you just have students? And it turns out in most of these cases there's not. Some states have created an interference with business, a new tort, which this Court could call it, and I think that's a step that we don't have to go so far to do. Something like misappropriation of business information, which some other states have. And they do. And if this falls under that, then conversion is another label that was being put upon what Your Honor just mentioned, misappropriation of my business. On the other hand, part of the problem with that here, they didn't really misappropriate my business, and misappropriation suggests a theft. And that's not usually what conversion is. It's not a theft case. Conversion cases are where somebody almost always has the thing as a matter of right. I give somebody my computer printout. I give somebody something to read. In this case, he had the password. So there's no misappropriation. He held it as a right. We're not saying he did that. So that would create a problem. How about this one? Restatement 221C. Trespass to channel that must be shown by intentional dispossessing another property by barring the possessor's access to the channel. Does that sound closer? It does, except that it uses the word channel. I mean, this isn't channel. Interesting this case. This is a case that I found is not, I'll be honest, is not precedential. But I found at least one case that kind of talked about this and said that, number one, the problem is this trespass to channel idea gets back to our tangible, intangible problem. But basically dismisses the complaint because there are no damages lost. So let me ask you this. If we were to agree with you that in this modern age we should expand our ideas about conversion, what's the next step? What's the next step? The opinion would simply, I believe, adopt what California did in the Payne case in 1870. Intangible property and property, not just intangibles. Everyone uses the word intangibles. What we mean is intangible property. Tangible property is something that you can possess. That's the definition from your statement. Tangible property is covered by conversion in the appropriate, I almost have to say, in the appropriate circumstance. There are other parts of conversion law that focus on when you can get conversion, when you can't get conversion. So this case would be reversed and remanded back to the trial court, and the complaint would go forward. That's exactly right, Your Honor. And at that point then the scope of the damages, which is way down the road, would be evolved. I'm sorry. Does the IT consultant have a lawyer? Does IT? The plaintiff? The defendant here have a lawyer? Oh, yes. I'm sorry. I meant to add that the plaintiff had a lawyer. The lawyer filed an appearance in this court. I can tell you I specifically contacted him on more than one occasion. I contacted him when his brief was four weeks overdue and said, what are you going to do? This is way beyond the scope of the record, but I want to answer Your Honor's question. I think this might be significant. I don't know. He said, I need to file a motion for an extension of time. I'll do that. It doesn't happen. I contacted him one more time. I tried to call. I was not able to leave a voicemail. That's all I can tell the court. I don't know what else to say on that. So, Mr. Graf, go ahead. What would be the ñ when would the appropriate circumstances exist for this rule to apply? Or under what circumstances? Wait. I'm sorry. For a conversion? Right. Of intangible. A conversion of intangible property would work when somebody interfered with my control of my property. That's the definition of conversion of the restatement. I think this Court adopted it in Thiebus. So it would be limited to that circumstance? It would. Just those set of facts. It would. And then I suppose the question that would have to be resolved by other decisions is, what does one mean by interference with my property? It's pretty clear here what the interference was if we get into a business, like the Virgin Island case where they changed the drugs. But that would still leave this case within the restatement, within the history of conversion, and would do what conversion was always meant to do, which was to give a remedy to somebody whose property rights had been hindered in some fashion. Not exclusively. There's that aspect of it, too. Some of the cases talk about ñ I haven't lost my exclusive. If somebody hacks into my system, I still have the information, but they've interfered with my possession because of the confidentiality aspect of my secret. But you're not making an argument about the information in the system. It's only the conversion of the password, correct? This case involves the conversion of the password. That's correct. I believe that the broad holding that we're looking for, that intangible property, intangible property would cover whatever's in the system. And that would seem logical to me because it goes back ñ it's going to be my second level of tangible property. Tangible property is something you can possess. The courts have talked about tangible. The courts have said, once I print out it's tangible, and I told most people, if I have my computer screen up and it's got my password on it, that's intangible. As soon as I hit print, it's tangible. I assume that that's just not logical. I mean, I think anybody in the computer world would just go, that doesn't make sense. It's real. It's just as real as anything else. You can print out everything that's inside a computer and it's zeros and ones. It would take a forest full of trees to do it, but you can do it. It's all real. It's just a different kind of reality. Can I ask one question? So you're asking us to just stop using the word ìchattelî when it comes to property like this. Yes. The word ìchattelî, it either needs to be changed or the word ìchattelî needs to be brought to include anything I can possess because from what I read, that tangible means I can possess it, control it. If somebody interferes with that control, I need to have this right. At least this is a clear right that I should have. And it's a right that other states have recognized. I can close by saying there's no history of any problem with the Payne decision in California. I have not read one case where anybody has ever been able to raise the argument that this is causing some kind of a problem in the business world. Unless the Court has further questions, thank you for your attention and we ask it to. Thank you very much, Mr. Roach. Thank you. And this case, agenda number 12, number 131446, ìThese IT Consulting Services v. Hunt Law Group will be taken under its own jurisdiction.î